IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:14-CV-79-D

| | | |
|---|---|---|
| NICHELLE ELIZABETH FORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

On July 9, 2015, Magistrate Judge Gates issued a Memorandum and Recommendation ("M&R") [D.E. 27]. In that M&R, Judge Gates recommended that the court deny plaintiff's motion for judgment on the pleadings [D.E. 22], grant defendant's motion for judgment on the pleadings [D.E. 24], and affirm defendant's final decision. On July 23, 2015, plaintiff filed objections to the M&R [D.E. 28]. On July 28, 2015, defendant responded [D.E. 29].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (alteration, emphasis, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R, the record, and plaintiff's objections. As for those portions of the M&R to which plaintiff made no objection, the court is satisfied that there is no clear error on the face of the record.

The court has reviewed de novo the portions of the M&R to which plaintiff objected. The scope of judicial review of a final decision regarding disability benefits under the Social Security Act, 42 U.S.C. § 405(g), is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the Commissioner applied the correct legal standards. See, e.g., Reid v. Comm'r of Soc. Sec., 769 F.3d 861, 865 (4th Cir. 2014); Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is evidence which a reasonable mind "might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotation omitted). It "consists of more than a mere scintilla of evidence but may be less than a preponderance." Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). This court may not reweigh the evidence or substitute its judgment for that of the Commissioner. See, e.g., Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); Hays, 907 F.2d at 1456. Rather, in determining whether substantial evidence supports the Commissioner's decision, the court's review is limited to whether the Commissioner analyzed the relevant evidence and sufficiently explained her findings and rationale concerning the evidence. See, e.g., Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439–40 (4th Cir. 1997).

In her objection, Ford makes an argument that she did not make to the magistrate judge. Ford now claims that the ALJ did not account for her moderate limitations in concentration, persistence, or pace ("CPP") in the RFC determination. See [D.E. 28] 1–4. Specifically, Ford contends that the ALJ's RFC finding and hypothetical question to the vocational expert, both of which included the limitation that the Ford "would need to work in a low production occupation, one in which it would require no complex decision making, constant change, or dealing with crisis situations," Tr. 52, 129, failed to properly account for the moderate difficulties in CPP that the ALJ found that Ford had. [D.E. 28] 1–3.

2

Unfortunately, from a judicial efficiency perspective, the Fourth Circuit allows a party to make an objection to a district judge that the party did not make to the magistrate judge. See, e.g., United States v. George, 971 F.2d 1113, 1118 (4th Cir. 1992) ("[T]he party entitled to de novo review must be permitted to raise before the court any argument as to that issue that it could have raised before the magistrate."); cf. Williams v. McNeil, 557 F.3d 1287, 1291–92 (11th Cir. 2009) (joining the First, Fifth, Ninth, and Tenth Circuits and rejecting the Fourth Circuit's approach and instead leaving it up to the district judge's discretion to consider an argument that the party did not make to the magistrate judge). Thus, Ford has not waived her ability to present a new argument regarding the ALJ's RFC analysis in her objections to the M&R.

As for the merits of Ford's objection, Ford claims that the ALJ's limitation of "no complex decision making" is akin to "unskilled work. Ford then cites Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), for the proposition that "an ALJ does not account for a claimant's limitations in CPP by restricting the hypothetical question to simple, routine tasks or unskilled work." [D.E. 28] 3.

In Mascio, the Fourth Circuit noted that a hypothetical posed to a vocational expert, which matches an ALJ's finding regarding residual functional capacity, can be insufficient if the ALJ "failed to account for a relevant factor when determining [the plaintiff's] residual functional capacity." Mascio, 780 F.3d at 638. The Fourth Circuit "agree[d] with other circuits that an ALJ does not account for a claimant's limitation in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work" because "the ability to perform simple tasks differs from the ability to stay on task." Id. (quotation omitted). Because in Mascio the ALJ failed to explain why the plaintiff's "moderate limitation in concentration, persistence, or pace at step three does not translate into a limitation in [plaintiff's] residual functional capacity," a remand was needed. Id.

3

In response to Ford's objection, defendant argues that this case is distinguishable from Mascio and cites Linares v. Colvin, No. 5:14-CV-120, 2015 WL 4389533 (W.D.N.C. July 17, 2015) (unpublished). In Linares, the plaintiff argued that the ALJ's RFC "did not adequately account for her moderate limitations in concentration, persistence, or pace in his RFC finding." Linares, 2015 WL 4389533, at *4. In Linares, however, the court distinguished Mascio because "the ALJ did more than limit Plaintiff to simple, routine tasks or unskilled work; the ALJ limited [the plaintiff] to 'simple repetitive, routine tasks in a stable work environment at a nonproduction pace with only occasional public contact.'" Id. (quotation omitted). Accordingly, the Linares court held that the ALJ met Mascio's requirements by "specifically address[ing] the Plaintiff's ability to stay on task." Specifically, the court noted that "[t]he ALJ accounted for Plaintiff's limitation in pace by restricting her to 'nonproduction pace,' and he accounted for her limitation in concentration and persistence by restricting her to a stable work environment with only occasional public contact." Id.

Here, the ALJ's RFC finding and hypothetical question noted that Ford "is limited to a low production occupation[] requiring no complex decision making, constant change, or dealing with crisis situation." Tr. 52, 129. Moreover, the ALJ found that Ford's "work environment should have no loud/sudden noises (clinging/clacking of heavy machinery)." Id. Like Linares, this case is distinguishable from Mascio because the ALJ did not restrict "the hypothetical question to simple, routine tasks or unskilled work." Mascio, 780 F.3d at 638. Rather, the ALJ accounted for Ford's pace through the "low production occupation" limitation, accounted for Ford's persistence through the "no constant change" limitation, and accounted for Ford's concentration through the "no loud noises" limitation. See, e.g., Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011) ("[H]ypothetical questions adequately account for a claimant's limitations in concentration, persistence, and pace when the questions otherwise implicitly account for these limitations."). Thus,

4

the ALJ sufficiently accounted for Ford's moderate limitations in CCP in the RFC finding and when posing the hypothetical to the vocational expert. Because the ALJ addressed not only Ford's ability to perform simple tasks but also her ability to stay on task, remand is not appropriate.

In sum, the court ADOPTS the conclusions in the M&R, OVERRULES plaintiff's objections to the M&R [D.E. 28], DENIES plaintiff's motion for judgment on the pleadings [D.E. 22], GRANTS defendant's motion for judgment on the pleadings [D.E. 24], AFFIRMS defendant's final decision, and DISMISSES this action. The clerk shall close the case.

SO ORDERED. This 19 day of August 2015.

JAMES C. DEVER III
Chief United States District Judge